UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL MICHAEL CAPE,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSSEL OLMSTEAD, et al.,<br><br>  Defendants. | CAUSE NO. 3:21-CV-850-JD-MGG |

OPINION AND ORDER

Paul Michael Cape, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cape alleges that Sara Wurth and a nurse came to his cell for medication pass on October 22, 2021. The nurse asked to see inside Cape's mouth to confirm that he was not "cheeking" his medication. Cape alleges that Wurth then began harassing him, which caused him to have a panic attack and suffer undue distress. Cape does not describe the nature of the harassing conduct.

Following an earlier grievance, Cape was told that nursing staff should not be checking inside his mouth to confirm that medications have been swallowed. Since then, every nurse that accompanies Wurth on medication pass has tried to do this, causing Cape stress. Following the incident on October 22, 2021, Cape asked for assistance in obtaining a no contact order against Wurst, but he has received no assistance with his request.

It is unclear how Wurst harassed Cape, other than by accompanying nurses who wanted to check his mouth to be sure he was swallowing his medication. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014)(*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 422 (7th Cir.), *cert. denied*, 141 S. Ct. 251, 208 L. Ed. 2d 24 (2020). Nothing in the Constitution prevents medical staff from looking in an inmate's mouth to confirm that prescribed medication was swallowed. Cape's vague allegation of harassment does not identify any sufficiently serious misconduct on the part of Wurst, and he has included no facts

2

suggesting Wurst intended to inflict psychological pain. Therefore, he cannot proceed on this claim.

Cape also complains about his classification level and being denied time outside of his cell for recreation, phone calls, and showers for four days. He offers no further details. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westerfer v. Neal*, 682 F.3d 679 (7th Cir. 2021) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Furthermore, a four-day ban on recreation, phone calls, and showers does not implicate constitutional concerns. Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). *See also Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (weekly showers are not a constitutional violation); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988) ("The importance of the daily shower to the average American is cultural rather than hygienic . . .."). Therefore, these allegations do not state a claim.

Finally, Cape has sued Russel Olmstead because he is the warden of the jail and the supervisor of Wurth. The complaint does not allege that Olmstead was personally involved in harassing Cape, classifying Cape, or denying Cape time outside of his cell. Defendants cannot be held individually liable based solely on their supervisory position

over others or their status as an employer. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Therefore, Cape cannot proceed against Olmstead.

This complaint does not state a claim for which relief can be granted. Nevertheless, Cape may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. Finally, if Cape files an amended complaint, he is cautioned that he may not sue different defendants based on unrelated events.

For these reasons, the court:

(1) GRANTS Paul Michael Cape until **November 30, 2021**, to file an amended complaint; and

(2) CAUTIONS Paul Michael Cape if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4